**BURNS et, Plaintiffs-Appellees, v. FOX et, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2295.   Decided April 20, 1955.

Gregory C. Karas, Ronald H. McDonnell, Jr., Dayton, for plaintiffs-appellees.

Floyd F. Koogler, Eugene B. Bacher, Otterbein Creager, Dayton, for defendants-appellants.

### OPINION

By HORNBECK, J.:

We have considered the issues drawn by the pleadings; have read the record and the excellent briefs of counsel on this appeal. We also have been favored with the written opinion of Judge Beery, who tried the cause in the Common Pleas Court. Cases such as this have no general interest, because the facts are peculiar to the situation developed between these parties. Although this appeal is de novo, and we enter

judgment upon weighing the evidence, we are satisfied that it would serve no good purpose to restate the facts, discuss and differentiate the many cases which are cited and commented upon at length by counsel We are in accord with the decision and judgment in the Common Pleas Court, and with the reasons factual and legal stated to support the judgment. The cause, in our opinion, is determined by the general principle of law as announced in the cases cited in Judge Berry's opinion, and particularly 28 C. J. S. 704, 17 Am. Jur. 956 and 957, and the Ohio cases exemplifying and applying these general principles.

We quote from the text, **15 O. Jur.**, 53 and 54, rather than to digest the cases cited in support of it, because they are so numerous:

"Frequently, however, the conveyance calls for a way, street, road, or stream as a boundary, without expressly giving the right-of-way therein. In such a case, if the grantor has the fee of the land thus referred to, he is estopped as against his grantee, to deny that it is a way, street, road, or a stream; and an easement therein passes to the grantee by implication. It has been said that where the call or a way is not needed to complete the description of the land conveyed, it is presumed that it was put in for the purpose of estopping the grantor from denying the right-of-way."

A case of special interest, with annotation, is Frawley v. Forrest (Mass.), 138 A. L. R. 999. The decisions of Massachusetts are recognized to be of compelling authority because of the number of cases that have there arisen on the subject of easements and extended consideration that the courts of that state have been required to give to them. The third syllabus of this case is substantially the same as the above quotation from **15 O. Jur.**

There is abundant proof in the record that Mrs. DeWeese, by the language employed in her deed to plaintiffs, intended to and did create an easement, by implication, in the unnamed street which is in controversy. The full meaning of the language in the deed to the plaintiff is developed in the testimony. It was not restricted to use by DeWeese to reach certain parts of land owned by her, but for the public use.

The law imputed to defendant, Fox, such knowledge of the easement as he would have acquired by the exercise of ordinary diligence. 28 C. J. S. 712. Defendant, Fox, was put on notice of the easement, not only by reason of the language in the deed to plaintiff, but by personal knowledge and observation for many years of the physical situation respecting the "unnamed street," by the reservation in the deeds to Winegartner and from him to Fox, that the unnamed street was to be reserved for the use of the public forever for street purposes, and finally, by the description, conditions and limitations in the deed from defendant McFarland, by which Fox claims the right to bar plaintiffs from the use of the "unnamed street."

The judgment in this Court will be the same in its entirety as in the Common Pleas Court.

MILLER, PJ, WISEMAN, J, concur.